Battle, J.
 

 The addition which the testator made to his will, in November, 1851, and which he calls an “ additional clause,” is undoubtedly a codicil. It was written more than three years after the will, and was intended to. alter it in certain particulars. It comes, therefore, directly within the most ap
 
 *71
 
 proved definition of a codicil, which is “ a supplement to a will or an addition made by the testator and annexed to and to be taken as a part of a testament — being for its explanation or alteration or to make some addition to, or subtraction from, the former disposition of the testator.” 2
 
 Black. Com.
 
 500.
 
 Williams on Ex’trs.
 
 8.
 

 In the construction of wills, the leading and controlling object is, to ascertain the intention of the testator; and in order to accomplish this purpose, technicalities may be disregarded and irregularities of form overlooked. The same rule applies to a codicil so far as the construction is confined to itself: but when taken in connection with the will to which it is annexed, there is said to be a difference between inconsistent provisions when found in the body of the will itself, and when in the will and codicil, arising from the fact that in the former case, both provisions have effect from one and the same act of publication while in the case of the will and codicil the provisions contained in the codicil necessarily modify or revoke those inserted in the will.
 
 Green
 
 v.
 
 Lane,
 
 8 Ired. Eq. 70, S. C. Busb. Eq. 102. Mr. Jarman, in his Treatise on wills, says that “ numerous arc the questions with regard to the extent to which a codicil affects the dispositions of a will or antecedent codicil and which are commonly occasioned by the person framing the codicil, not having an accurate knowledge or recollection of the prior testamentary paper.” i£In dealing with such cases- it is an established rule not to disturb the dispositions of the will farther than is absolutely necessary for the purpose of giving effect to the codicil.”— *£ Another principle of construction is, that where the will contains a dear, unambiguous disposition of property, real or personal, such a disposition is not allowed to be revoked by doubtful expressions in a codicil.” See
 
 Jarman on
 
 Wills, 160
 
 &
 
 165. These propositions are supported by numerous authorities, and the principles, which they announce, will be found to afford material aid in clearing up the difficulties suggested by the pleadings in this ease.
 

 1. The first question is raised by the conflict between the will and codicil, with regard to the bequest of the
 
 “
 
 negip
 
 *72
 
 boy Allen.” The testator had but one negro boy of that name, and by his will he gave him in express terms to his son Noah j whereas in his codicil he says, “ to my sort John I do give the negro boy Allen, who is before mentioned to my grandsons.” The defendant John claims Allen under this bequest in the codicil, while EToali contends that the express gift of the boy to him by the will is not revoked, because he is described as having been given to his grand-sons, which shows that the testator made a mistake, and it is apparent that he intended to give to his son John the boy Urwin, who was mentioned to his grand-sons. We are saved the necessity of discussing this question upon principle, because it has been frequently discussed before and is settled by authority in favor of John. It is a clear case for the application of Lord Bacon’s rule, that
 
 veritas nommis tollit errorem demonstrar tioms:
 
 the true and certain description of the boy Allen by his name, cannot be weakened by the further and unnecessary false description that he had been before mentioned to his grand-sons.
 
 Proctor
 
 v. Pool, 4 Dev. Rep. 370,
 
 Simpson
 
 v. King, 1 Ired. Eq. 11,
 
 Ehringhaus
 
 v.
 
 Cartwright,
 
 8 Ired. 39,
 
 Barnes
 
 v.
 
 Sims,
 
 5 Ired. Eq. 392,
 
 Thomas
 
 v. Thomas, 6 Term Rep.
 
 671, Goodtitle
 
 v.
 
 Southern,
 
 1 Maul. & Selw. 299.
 

 The bill suggests that in the event the Court shall decide that the defendant John is entitled to the boy Allen, then the defendant Noah will claim that he is entitled to Erwin in his stead, but the answer of this defendant sets up no such claim j but if it did, there would be no pretence for it.
 

 2nd. By one clause of his will, the testator gave to his son Noah, among other slaves, “ the boy Allen and James.” In the preceding clause he had given to his three grand-sons John IT. Hines, Eobert Hines, and Amos Hines, among other slaves “ the negro man Willis, the negro woman Hannah, and the boy Erwin.” In his codicil he declares that “it is my will in the division of the negroes before mentioned to my grand-sons of the negroes, that John Hines do have the negro man Willis, and that Eobert Hines have the boy James, and that Amos Hines have the woman Hannah and her child and all other children she may have.” The testator had but one
 
 *73
 
 negro boy named James, but be bad a man of that name nearly a hundred years old, who was not only of no value but actually expensive. At the date of his will, the woman Hannah had no child, but she had one born after the making of the will, and living at the date of the codicil. The defendants, Noah Joiner and Robert Hines, both claim the boy James, the former by the bequest in the will, and the latter under the codicil. The defendant Noah insists that the express legacy in the will to him is not revoked by the codicil, because the latter does not propose to give any thing to the grandsons, but only divides among them what had been already given by the will, and that the name of James was manifestly inserted by mistake instead of Urwin, who was bequeathed to the grand-sons and was not taken from them. The defendant, Robert, contends that the terms of the codicil imported an express bequest of the boy James to him, and was, therefore, a revocation of that to the defendant Noah, if indeed the boy James was given to Noah by the will; but he insists that the James mentioned in the will was the old man James, and if so, there was no conflict between the will and codicil. We certainly do not concur in the latter part of the construction contended for. A legacy imports a bounty, and we cannot, for a moment, believe that a father would mock his son by giving him, as an apparent bounty, an old negro, who was then and might be for several years a burden to his owner. He -would rather, in proper terms, have confided the old man to his care and have given at the same time the means for keeping and providing for him. We say this without adverting to the fact that the term boy is applied to Allen, -who is mentioned in the same connection with James, and the term may, therefore, have been intended to apply to both. The other part of the construction insisted upon, is not so free from doubt, but upon reflection we think that is against the claim of the grand-son. The clause in question certainly does not purport to give any negro not given before, but on the contrary provides for the division of the negroes “ before mentioned” among his three grand-sons. James was not before mentioned in the gift to his grand-sons by the will, but the boy Urwin
 
 *74
 
 was. We think, therefore, that taking the will and codicil together there is an apparent mistake of James for Urwin, and that the latter passes to the grand-sons and the former does not, thus giving eifect to the rule herein before stated, “ that where the will contains a clear and unambiguous disposition of property, real or personal, such a gift is not allowed to he revoked by doubtful expressions in a codicil.”
 

 3rd. Upon the construction which we have just adopted as the true meaning of the last clause of the codicil, the residuary legatees of the slaves contend that they are entitled to the child of Hannah which was not horn at the date of the will, and which they, therefore, contend did not pass under it by the bequest of Hannah to the testator’s grand-sons. It is true that the general rule is that the bequest of a female slave, or of her and her increase will not carry any child she may have between the publication of the will and the death of the testator.
 
 Stultz
 
 v. Kiser, 2 Ired. Eq. Rep. 538. But if there be any expression in the will showing an intention on the part of the testator, that the child so born shall be included in the gift of the another, then the legatee shall take it.
 
 Love
 
 v. Love, 5 Ired. Eq. Rep. 201. Such intention might be shown in a clause of the will subsequent to that in which the gift was made, and we can see no reason why it may not be manifested in a codicil; one office of which, as appears from its definition, is to explain the will. According to this explanation then, the defendant, Amos Hines, takes the child of Hannah as being included in the gift of the mother.
 

 A decree may be drawn declaring the rights of the parties in accordance with this opinion, and the costs must be paid out of the assets in the hand of the plaintiff, as administrator with the will annexed.
 

 PeR Oueiam. Decree accordingly.